# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-10232 DSF (MRW) | Date | April 27, 2020 |
| Title | Bennett v. United States | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | Veronica Piper | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Petitioner: | Attorneys for Respondent: |
| | n/a | n/a |

**Proceedings:** ORDER TO SHOW CAUSE RE: STATUS

1. This is a habeas action involving a federal prisoner. In December 2019, the Court ordered Petitioner to respond to several defects with his case-commencing pleading. (Docket # 8.) Petitioner requested additional time to respond to the Court's screening order. (Docket # 9.) However, he failed to submit a substantive reply regarding the problems with his case.

2. The Court ordered Petitioner to show cause why the action should not be dismissed. (Docket # 11.) Perhaps in response to that order, Petitioner submitted a letter stating that he was housed in the SHU at his facility and anticipated a transfer to a federal facility in West Virginia. (Docket # 12.)

3. That was in mid-March. Since then, the Court has received neither (a) a substantive response to its screening order nor (b) a change of address from Petitioner regarding his alleged transfer.

4. The Court could rightfully dismiss the action now under Rule 41. Nevertheless, in the interests of justice and fairness to an incarcerated, self-represented litigant, the Court will give Petitioner one final opportunity to respond to the Court's original screening order. By May 29, Petitioner will explain why his action is not successive for the reasons stated in earlier orders.

5. **Alternatively**, if Petitioner does not wish to proceed with the habeas action at present, he may voluntarily dismiss the case without further consequence.

**Failure to comply with this order will result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884 (9th Cir. 2019).**